# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# LEWIS T. BABCOCK, JUDGE

Criminal Case No. 08-cr-00015-LTB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     JOSE AMADO DIAZ-GALLEGOS,

      Defendant.

___

# ORDER

___

This matter is before the Court on the Defendant's "Motion for Sentence Reduction Pursuant to 18 U.S.C.S. 3582(c)(2), and U.S.S.G. § 1B1.10" (Doc 37). The Government has filed its response in opposition (Doc 39). Defendant has filed his response to that response in opposition (Doc 42). Because the Defendant is ineligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 and the arguments are otherwise time barred, the motion will be denied.

On November 14, 2008, the Defendant was sentenced to a term of 87 months imprisonment to be followed by three years supervised release having a total offense level of 21 after a three-level reduction for acceptance of responsibility and a criminal history category level of VI based on 28 criminal history points. Defendant did not appeal. The Defendant's August 17, 2010, 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus docketed and treated as a motion under § 2255 in Criminal Case 08-cr-00015 was denied as time barred under 28 U.S.C. § 2255(f).

Defendant's reliance on Amendment 742 effective November 1, 2010, U.S.S.G., Appendix C, Volume 3, is unavailing because Amendment 742 is not among the amendments enumerated in § 1B1.10( c) which may be applied retroactively. And, even if retroactive, it would reduce his criminal history points from 28 to 27 leaving Defendant well within the criminal history category level of VI and, thus, would not lower the applicable guideline range.

Again, Defendant's reliance upon Amendment 754 effective November 1, 2011, modifying § 2L1.2(b)(1A) is unavailing because Amendment 754 is not among the amendments which may be applied retroactively in § 1B1.10( c). And, again, even if it were retroactive, it would have no effect on the Defendant's applicable guideline range.

Defendant's remaining arguments based upon his claims in his § 2254 petition and the current District of Colorado fast track program are without merit. Accordingly

Defendant's "Motion for Sentence Reduction Pursuant to 18 U.S.C.S 3582(c)(2), and U.S.S.G. § 1B1.10" is DENIED.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge

DATED: August 1, 2012